UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W. JOHNSON,

                Plaintiff,

    v.

FACEBOOK, *et al.*,

               Defendants.

CASE NO. 3:23-cv-05788-TMC

REPORT AND RECOMMENDATION

Noting Date: October 20, 2023

       The District Court has referred Plaintiff Robert W. Johnson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On September 18, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed IFP, that is, without paying the filing fee for a civil case. *See* Dkts. 4, 4-1.

       In determining whether IFP should be granted in this case, the Court has reviewed the proposed Complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends this case be **DISMISSED without prejudice** and the Application to Proceed IFP (Dkt. 4) be **DENIED**.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In his proposed Complaint, Plaintiff names Facebook, Donald J. Trump, Rudy Giuliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith III, Robert Cheeley, Cathleen Latham, Scott Hall, Stephen Lee, Harrison Floyd, Trevian Kutti, Sidney Powell, Misty Hampton, Michael Roman, David Shafer, Shawn Still, Vladimir Putin, Twitter, and Meta LLC as Defendants. Dkt. 4-1. Without providing any supporting facts or timeframe, Plaintiff claims Defendants "committed identity theft, election fraud, fraud, black collar crimes, wire fraud and RICO acts against Plaintiff." *Id*. at 8. As relief, Plaintiff seeks $750 million "mandated settlement," $100 million for punitive damages, and 100% ownership of Defendants' assets. *Id*.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Here, Plaintiff's proposed Complaint is difficult to comprehend and fails to set forth any cognizable legal claims against Defendants. First, Plaintiff has not sufficiently articulated how this Court has jurisdiction to hear his claims. While Plaintiff appears to bring his claims under a federal question, namely that "U.S. Constitutional rights, due process rights, RICO Act, ethics and government act and white collar crimes" are at issue in the case, he provides no allegations that his constitutional rights were violated. Dkt. 4-1. Second, Plaintiff has not alleged the wrong-doing of any Defendant. *See id*. Third, without any factual allegations to support the proposed Complaint, the Court is unable to ascertain a timeframe for any alleged wrong-doing. *See id*. Finally, Plaintiff has not shown, nor does the Court find, the Court has the authority to grant Plaintiff the relief requested.

After consideration of the allegations in the proposed Complaint, the Court finds the proposed Complaint does not state a claim for which relief can be granted.

REPORT AND RECOMMENDATION - 3

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff's proposed Complaint does not articulate any cognizable legal claims against Defendants, nor does it contain factual allegations that could plausibly give rise to a claim. Thus, the Court finds any attempt by Plaintiff to amend the proposed Complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed Complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed Complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied.

**Conclusion.** For the above stated reasons, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be **DENIED** and this case be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 20, 2023, as noted in the caption.

Dated this 2nd day of October, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5